**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1520
_____

WILLIAM CLUVER,

Appellant

v.

BOROUGH OF SAYREVILLE;
DETECTIVE RUSSELL ANDERSON;
JOHN DOE 1, Station Commander of the Sayreville Police Department;
JOHN DOES 2-15, Members of the Sayreville Police Department;
JOHN DOES 16-25, Personnel of the Sayreville Police Department
in supervisory capacities; ROBERT BLANDA, Esquire

_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. -10-cv-03173)
District Judge:  Honorable Michael A. Shipp

_____

Submitted under Third Circuit LAR 34.1(a)
on January 13, 2014

(Filed: January 31, 2014)

Before:  RENDELL, ROTH and BARRY, <u>Circuit Judges</u>.

**RENDELL**, <u>Circuit Judge</u>:

Plaintiff William Cluver ("Cluver") appeals from the District Court's grant of qualified immunity to Detective Russell Anderson, grant of absolute immunity to Prosecutor Robert Blanda, and dismissal of claims for malicious abuse of process, civil conspiracy, and violation of the New Jersey Civil Rights Act against them and the Borough of Sayreville as well.

The salient facts are undisputed and are all too well known to the parties. Cluver did not possess the necessary Medical Exemption Card when he was issued a summons for having illegal, tinted vehicle windows on October 20, 2008, and he subsequently applied to the New Jersey Motor Vehicle Commission ("MVC") for such a card, which was granted November 26, 2008. In December, plaintiff through his attorney disputed the October summons, presenting his exemption card to the Municipal Court, and obtained a dismissal of the summons. This seems surprising, given that, if Cluver did not have the exemption card when originally cited for having tinted windows, the summons would have been properly issued in October.

But, thereafter, an exemption card without a issue date was apparently received by the Borough from plaintiff's attorney along with a claim that the summons was issued without probable cause. These documents were then forwarded by the Borough as a "notice of claim" to the Middlesex County Municipal Joint Insurance Fund ("JIF"). An

employee of the JIF, Terry Delaney, found that the exemption card received by the JIF did not contain an issuance date. She contacted the police chief, Edward Szkodny, with this information, and Szkodny then assigned Detective Anderson to investigate.

Following his investigation, Detective Anderson sought and received an arrest warrant for Cluver, based primarily on the belief that Cluver had removed the issuance date of his Medical Exemption Card, and improperly submitted the altered card to the Municipal Court and the Borough. Cluver was then arrested and charged with (1) falsifying or tampering with records, (2) forgery, and (3) insurance fraud.

The charges against Cluver were subsequently dropped when it was discovered that the exemption card submitted to the Municipal Court did in fact contain an issuance date. Cluver thereafter filed suit against Anderson, Blanda, and the Borough, on grounds stemming out of his allegedly improper arrest. Chief among Cluver's claims was that Anderson had executed his arrest without probable cause.

The District Court granted summary judgment in favor of Detective Anderson, noting four undisputed facts that supported his assessment of the situation and probable cause determination:

> First, it is undisputed Skodzny [sic] told Detective Anderson that the version of the Card forwarded to the JIF lacked an issuance date. Second, it is undisputed that the version of the Card that Detective Anderson obtained from the MVC contained an issuance date. Third, Plaintiff's doctor requested the card following the issuance of the original summons. Fourth, Detective Anderson, when he attempted to obtain a copy of the Card from the Municipal Court, was told that one did not exist and that only the summons remained in the file.

(App. 17.) The District Court accordingly concluded:

3

> Presented with these facts, Detective Anderson concluded that Plaintiff, or someone acting at his behest and towards his benefit, had attempted to commit a fraud upon both the Municipal Court and the JIF. That conclusion was not unreasonable. Furthermore, Detective Anderson did not execute an arrest without further review of the matter. It is undisputed that Detective Anderson then obtained an arrest warrant from Judge Weber. In light of these facts, even when viewed in the light most favorable to Plaintiff, the Court is not willing to find that Detective Anderson's investigation was so "plainly incompetent" that Detective Anderson should not be entitled to qualified immunity.

(App. 17.)

In this appeal, Cluver essentially reiterates that the probable cause determination by Detective Anderson was unreasonable. By contrast, the defendants urge that they possessed facts which supported their decisions to prosecute Cluver in the Municipal Court.

We review the District Court's grant of summary judgment *de novo*, viewing the facts in the light most favorable to the non-moving party.[1] *Gwynn v. City of Philadelphia*, 719 F.3d 295, 297 (3d Cir. 2013). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). We find no error in the decision of the District Court.

Even where police officers obtain an arrest warrant, "[d]efendants will not be immune if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue . . . ." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). As the District Court properly found, Cluver cannot meet this high bar.

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 1367. We have jurisdiction under 28 U.S.C. § 1291.

4

Detective Anderson determined that Cluver's exemption card had only been requested after the original summons was issued. Further, Anderson discovered that the exemption card held by the MVC contained a issuance date, but the card somehow lacked such a date when it was received by the JIF. Given such evidence, it was not unreasonable for Detective Anderson to conclude that Cluver had altered the card and committed the crimes of insurance fraud, tampering and forgery. We hold in accord with the able and exhaustive treatment of this issue by the District Court, and affirm its judgment on this ground.

The District Court additionally addressed and ruled on the remaining counts. First it found that the false arrest/imprisonment claim was groundless given the prior finding of probable cause for Cluver's arrest. Second, the Court held that the malicious abuse of process claims against Anderson and Blanda lacked any support in the record. Third, the New Jersey Civil Rights Act claim against Anderson was precluded due to the finding that he was entitled to qualified immunity, while the same claim against Blanda was dismissed as there was no evidence of false arrest/imprisonment or malicious abuse of process. Fourth, the District Court concluded that there was no factual basis for the civil conspiracy claim, without any evidence that defendants sought to inflict a wrong against Cluver. In addition, the Court found, Blanda would be entitled to absolute immunity in his prosecutorial function.

Separately, the claims against the Borough of Sayreville for failure to train its employees, enforcing unlawful policies, and violating civil rights all failed, the District

5

Court found, because the Borough cannot be liable solely for the wrongdoing of its employees.

In sum, the District Court issued a 24 page opinion thoroughly considering all of the plaintiff's claims and the arguments supporting them. We have considered its rulings de novo and find no errors in its reasoning or result. Accordingly, we will affirm.